**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **GEICO CASUALTY COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Cause No. 1:18-cv-00105-WCL-SLC |
| | ) |
| **NERAD GRACE MANGAI,** *Decedent by her parent James Mangai, et al.*, | ) ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This Court has an independent obligation to ensure that subject matter jurisdiction exists in an action before it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). This Opinion and Order summarizes the undersigned Magistrate Judge's inquiry into the basis for the Court's jurisdiction in this case.

Plaintiff Geico Casualty Company filed the complaint in this case on April 24, 2018, but failed to allege any basis for the Court's jurisdiction. (*See* DE 1).[1] "It is well established that [federal-question jurisdiction] must be apparent on the face of the plaintiff's well-pleaded complaint." *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013), as amended (Apr. 29, 2013) (collecting cases); *see Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013) ("Ordinarily, the basis for federal-question jurisdiction must be apparent from the face of the plaintiff's well-pleaded complaint." (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908))).

---

[1] The Court notes that in its civil cover sheet, Plaintiff alleges federal-question jurisdiction arising under 28 U.S.C. §§ 2201-2202, but a federal question is not apparent in the complaint. (*See* DE 1-1).

Similarly, Plaintiff fails to properly allege federal diversity jurisdiction. As the party seeking to invoke federal diversity jurisdiction, a plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Here, Plaintiff fails to identify in which state it has its principal place of business. A corporation is considered a citizen of the state by which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990). Accordingly, the Court must be informed of the state in which Plaintiff has its principal place of business to ensure that it does not share citizenship with any of the Defendants.

Further, the complaint alleges the states in which the individual decedent Defendants were "located." (DE ¶ 2). Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See Hunter v. Amin*, 583 F.3d 486, 491-92 (7th Cir. 2009) (observing that the federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent); *Gustafson v. Zumbrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008) (same). Therefore, Plaintiff must inform the Court of the domicile of the individual decedent Defendants at the time of their deaths.

Another problem with the complaint is that it alleges that the other individual Defendants were "resident[s]" of Indiana at "all times relevant in the complaint." (DE 1 ¶¶ 3-6). Residency or location are meaningless for purposes of diversity jurisdiction, however; an individual's citizenship is determined by his or her domicile. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on

domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Moreover, for purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

Therefore, Plaintiff is AFFORDED to and including May 10, 2018, to file an amended complaint properly alleging a basis for the Court's jurisdiction.

SO ORDERED.

Enter for this 3rd day of May 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge